UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21623-CIV-WILLIAMS/MCALILEY

ADONIS TORRES,

    Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Adonis Torres filed an Amended Motion to Remand, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 6, 11). Defendant Geico General Insurance Company ("Geico") filed a response. (ECF No. 16). Plaintiff did not file a reply. Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the applicable law, for the reasons I explain below, I recommend that the Court deny the Amended Motion to Remand.

    **I.    BACKGROUND**

Plaintiff filed suit against Geico in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida seeking damages stemming from an automobile accident in which Plaintiff was injured. (ECF No. 1-3). On March 15, 2021, Plaintiff served the summons and complaint (along with discovery requests) on the Chief Financial Officer of the State of Florida (the "Florida CFO"), who serves as the statutory agent for service of process

for all insurers in the state. (ECF No. 6-1). The Florida CFO forwarded the summons, complaint and discovery requests to Geico via electronic delivery on March 30, 2021. (ECF No. 16 at ¶ 3). Geico then removed the case to this Court on April 27, 2021 based upon diversity jurisdiction. (ECF No. 1). Plaintiff thereafter filed his Amended Motion to Remand. (ECF No. 6).

There is no dispute that the Court has diversity jurisdiction, as the parties agree that the amount in controversy is satisfied and complete diversity exists. Plaintiff's only argument is that removal is untimely because Geico filed its Notice of Removal more than thirty days after Plaintiff served the Florida CFO. (ECF No. 6). Geico asserts that removal is timely because it filed its Notice of Removal within thirty days after receipt of the complaint from the Florida CFO. (ECF No. 16). The present dispute thus centers on this question: does service on a statutory agent trigger the thirty-day removal deadline? The overwhelming weight of authority points to one answer: "no."

II. ANALYSIS

Timeliness of removal is governed by 28 U.S.C. § 1446. The relevant provision states that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the *receipt by the defendant, through service or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1) (emphasis supplied). When the defendant is an insurance company, Florida law requires the plaintiff to serve the Florida CFO, who is the statutorily appointed "agent for service of process on all insurers applying for authority to transact insurance in this state…." Fla. Stat. § 48.151(3); *see also* Fla. Stat. § 624.422(3) ("Service of process upon the Chief

Financial Officer…shall be the sole method of service of process upon an authorized domestic, foreign, or alien insurer in this state.").

The Eleventh Circuit has not addressed whether service upon a statutory agent, as occurred here, commences the thirty-day removal clock. More than a decade ago, another court in this district rejected Plaintiff's argument, concluding that "merely effecting service on a statutorily appointed agent does not automatically begin the 30-day countdown provided by § 1446(b)." *Financial Accounting Solutions, Inc. v. Houston Casualty Co.*, No. 09-61084-Civ-Jordan, 2009 WL 10668187, at *1 (S.D. Fla. Aug. 26, 2009). Two Circuit Courts of Appeal recently confronted the question before this Court, and both held that "service on a statutory agent is not service on the defendant within the meaning of § 1446(b)." *Elliott v. American States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018); *see also Anderson v. State Farm Mutual Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) ("We join the Fourth Circuit and hold that thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent….").

These courts conclude that the removal deadline is triggered on the date that the defendant receives the complaint from its statutory agent. *See Elliott*, 883 F.3d at 394 (affirming denial of motion to remand because defendant removed action less than thirty days from when it actually received the complaint from its statutory agent for service of process); *Anderson*, 917 F.3d at 1130 (holding that thirty-day removal clock "began in this case only when State Farm actually received the [plaintiff's] complaint" from its statutorily designated agent); *Financial Accounting Solutions, Inc.*, 2009 WL 10668187 at *2 (concluding that "§ 1446(b) entitles [defendant] to 30 days starting from the date it received the summons and complaint."). The majority of district courts are in accord. *See Financial Accounting Solutions,*

*Inc.*, 2009 WL 10668187 at * 1 ("[T]he majority of courts have ruled that the 30-day [removal] period does not begin until the defendant receives th[e] [complaint].") (collecting cases); *Meadows Springlake Condo. Ass'n, Inc. v. Allstate Ins. Co.*, No. 8:06-cv-1282, 2006 WL 2864313, at *3 (M.D. Fla. Oct. 5, 2006) (collecting cases); *Sands Point Ocean Beach Resort and Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 07-21329-Altonaga, 2007 WL 1805795, at *1 (S.D. Fla. June 22, 2007) (same).

A careful review of the foregoing authority reveals three reasons why courts conclude that the removal deadline begins when the defendant receives the complaint from its statutory agent, rather than when the statutory agent is served. First, "[t]he language of § 1446(b) places an emphasis on receipt, not on service." *See Financial Accounting Solutions, Inc.*, 2009 WL 10668187 at *2. Second, the legislative history of the removal statute makes "clear that the congressional intent in enacting and amending § 1446(b) was to provide the defendant with adequate time to consider filing for removal…," *Elliott*, 883 F.3d at 393, and "to prevent the procedural nuances of different states relating to service of process from abridging the period for removal…." *Financial Accounting Solutions, Inc.*, 2009 WL 10668187 at *2. To permit the clock to run from service on the Florida CFO would frustrate these purposes. As the Fourth Circuit explained, "[t]o hold that the filing period commences when the statutory agent is served…would allow for the filing deadline to pass before the defendant actually receives a copy of the complaint – the exact situation Congress previously sought to avoid when it amended § 1446(b) to its current state." *Elliott*, 883 F.3d at 393; *see also Meadows Springlake Condo. Ass'n, Inc.*, 2006 WL 2864313 at *4 ("By including a thirty day window, Congress recognized the need for a defendant to consider the strategic feasibility of removal to Federal

Court. However, no strategic assessment can occur when a defendant is ignorant of action being brought against it.") (citations omitted).

Finally, a statutory agent is a "disinterested agent" that acts "merely as repositories for forwarding information…." *Financial Accounting Solutions, Inc.*, 2009 WL 10668187 at *2 and *Meadows Springlake Condo. Ass'n, Inc.*, 2006 WL 2864313 at *4. It is not an agent of the defendant's choosing, but rather, is appointed by operation of law. *See* Fla. Stat. § 624.422(1) ("Each licensed insurer…shall be deemed to have appointed the Chief Financial Officer…as its attorney to receive service of all legal process issued against it in any civil action or proceeding in this state…"). Unlike a traditional agent, a statutory agent does not take instruction from and is not beholden to the defendant. For these reasons, "[s]erving a statutory agent does not guarantee that the defendant is provided with actual notice of the complaint or adequate time to decide whether to remove a case." *Elliott*, 883 F.3d at 393.

I find the foregoing cases and reasoning persuasive. It is notable that Plaintiff did not cite any authority in support of his position and did not file a reply memorandum to rebut Geico's arguments. For the reasons set forth above, I conclude that the thirty-day removal deadline commenced when Geico received Plaintiff's complaint from the Florida CFO.[1] The record reflects that Geico received a copy of the complaint, summons and discovery requests on March 30, 2021, which is date on which the Florida CFO electronically delivered those

---

[1] This conclusion is consistent with Florida law. Florida Statues section 624.423 provides that "[i]f process is served upon the Chief Financial Officer as an insurer's process agent, the insurer is not required to answer or plead except within 20 days after the date upon which the Chief Financial Officer *sends or makes available* by other verifiable means a copy of the process served upon her or him…." Fla. Stat. § 624.423(2) (emphasis added).

documents to Geico. (ECF No. 16 at ¶ 3). Geico filed its Notice of Removal less than thirty days later, on April 27, 2021. (ECF No. 1). Accordingly, Geico timely removed this action.

### III. CONCLUSION

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff's Amended Motion to Remand, (ECF No. 6).

### IV. OBJECTIONS

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 28th day of July 2021.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
  Counsel of Record